UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                         :
                                               :
**DONNA MINER,**
                                               :   Case No. 06-13753
                                               :   Chapter 13
                Debtor.                        :
                                               :

CHAPTER 13 PLAN

___X Original Plan        ___ Amended Plan        ____ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (select only one):

    a. **$1063.00 per month for a term of sixty months**. OR

    b. $ _____ per month for _____ month(s),
       $ _____ per month for _____ month(s), then
       $ _____ per month for _____ month(s), for a total term of sixty months. OR

    c. $ _____ per month prior to confirmation of this plan, and $ _____ per month after confirmation of this plan, for a total term of _____ months (if this option is selected, complete 2.e.i.).

2. From the payments received, the Trustee will make the disbursements described below:
    a. Allowed unsecured claims for domestic support obligations and Trustee's commissions.
    b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of **$3,620.97** (unless allowed for a different amount upon prior or subsequent objection).
    c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ _____.
    d. Other priority claims defined by 11 U.S.C. § 507(a)(3) – (10). The Debtor anticipates the following claims:

    e.    Concurrent payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|

        ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| **IRWIN HOME EQUITY** | $11,386.38 | $189.77 | 60 |
| **WELLS FARGO** | $39,675.57 | $661.26 | 60 |

        iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|

        iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

        v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

        vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

  f.  After payment of priority and secured claims, the balance of funds will be paid one hundred percent in full on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3.  The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

4.  Secured creditors will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

5.  The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

6.  Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

Date: July 31, 2006            /s/Donna Miner

                        Donna Miner

/s/Sari Karson Kurland

Attorney for Debtor             Joint Debtor

- 4 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that I served the above Chapter 13 Plan, this 31st day of July, 2006, by electronic and/or first class mail, postage pre-paid, to the following persons:

>Nancy Spencer Grigsby
>Chapter 13 Trustee
>P.O. Box 958
>Bowie, MD 20718
>
>ALL CREDITORS

>/s/Sari Karson Kurland
>_____
>Sari Karson Kurland

- 4 -